IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

OCEAN LIMO
TRANSPORTATION, LLC

    Appellant,

    v.

SHEILA GRANT and
THE DIVISION OF
UNEMPLYMENT INSURANCE
APPEALS BOARD,

    Appellee

C.A. No. S16A-07-003 RFS

## MEMORANDUM OPINION

*On Appeal from the Decision of the Unemployment Insurance Appeal Board.*
*Affirmed.*

Submitted: March 28, 2017
Decided: May 3, 2017

Anthony N. Delcollo, Esq., Cooch & Taylor, P.A., The Brandywine Building, 1000 West Street, 10th Floor, P.O. Box 1680, Wilmington, Delaware 19899, Attorney for Appellant.

Carla A. K. Jarosz, Esq., Deputy Attorney General, Carvel State Office Building, 820 North French Street, 6th Floor, Wilmington, Delaware 19801, Attorney for Appellee, Unemployment Insurance Appeal Board.

Victoria W. Counihan, Esq., Deputy Attorney General, Carvel State Office Building, 820 North French Street, 6th Floor, Wilmington, Delaware 19801, Attorney for Appellee, Delaware Department of Labor.

STOKES, J.

## I.    INTRODUCTION

Ocean Limo Transportation, LLC ("Ocean Limo") has appealed the decision of the Unemployment Insurance Appeals Board ("UIAB" or "Board") to grant unemployment benefits to Sheila Grant ("Grant"). For the reasons explained below, the decision is **AFFIRMED**.

1

## II.     FACTUAL AND PROCEDURAL HISTORY

Beginning on January 29, 2015, Ocean Limo employed Grant to drive Medicaid recipients to and from medical appointments. On January 18, 2016, her employment was terminated after a routine drug screening conducted on January 15, 2016 returned a positive result.[1] Ocean Limo's employee policy provides that an employee "…agrees to provide Ocean Limo Transportation, LLC with a current drivers' license, social security card, passport (if applicable), criminal record, Federal and State background check, motor vehicle driving record and evidence of **negative** drug screens. Contractor [employee] agrees to submit to toxicology (drug) screens randomly within two hours of request…"[2]

After being discharged, Grant sought unemployment benefits. A former employee is not allowed to recover unemployment benefits if he or she has been terminated for cause.[3] A UIAB Appeals Referee addressed the question of whether Ocean Limo had sufficient just cause to terminate Grant. On April 29, 2016, the Appeals Referee found that Ocean Limo had not shown by a preponderance of the evidence that Grant was discharged for cause because sufficient evidence relating to sample testing procedures and the chain of custody was not introduced. Since Ocean Limo could not lay the proper foundation for the introduction of the drug test results, the results of the test were considered hearsay evidence. The Appeals Referee pointed out that Delaware courts have held that administrative tribunals may not base their decision solely on hearsay evidence.[4] Therefore, Grant was allowed to receive unemployment benefits.

Ocean Limo appealed the Referee's decision to the UIAB. At the June 15, 2016 UIAB hearing, Ocean Limo was again unable to lay the proper foundation to introduce the drug test

---

[1] Grant also submitted to a drug test on January 7, 2016. That test showed no evidence of drugs in her system.
[2] R. at 45 (emphasis in original).
[3] *Murray v. Fibre*, 2016 WL 4542739, at *2 (Del. Super. Ct. Aug. 30, 2016).
[4] R. at 41 (citing *Baker v. Hospital Billing & Collection Service, Ltd.*, 2003 WL 21538020, at *3 (Del. Super. Ct. Apr. 30, 2003).

2

results. Therefore, on July 6, 2016, the Board found, for the same reasons as the Referee, that Grant had been discharged without cause and could receive unemployment benefits. The Board's decision became final on July 16, 2016. Ocean Limo filed a Notice of Appeal in this Court on July 26, 2016, within the time limit to appeal.

### III.   STANDARD OF REVIEW

When this Court reviews a procedural decision of the UIAB, the Court must consider whether the Board abused its discretion in rendering its decision.[5] A procedural decision by an administrative agency is not an abuse of discretion "unless it is based on clearly unreasonable or capricious grounds" or the Board decision "exceeds the bounds of reason in view of the circumstances and ignored recognized rules of law or practice so as to produce injustice."[6] Absent an abuse of discretion, the Court must affirm the Board's judgment if it did not otherwise commit an abuse of law.[7]

### IV.   DISCUSSION

In support of its appeal, Ocean Limo advances two arguments. First, it claims that the UIAB committed an abuse of discretion when it did not stipulate to a remand. According to Ocean Limo, even a superficial review of the hearing transcript shows that the company's representative did not understand the importance of presenting foundational evidence. Now that Ocean Limo is represented by counsel, it would like a second opportunity to present witnesses and establish that the drug test is properly supported by such evidence. Second, Ocean Limo believes that this Court should remand the decision to the Board in the interest of justice, even if

---

[5] *Wilson v. Franciscan Care Center*, 2006 WL 1134779, at *1 (Del. Super. Ct. Feb. 15, 2006) (citing *Funk v. UIAB*, 591 A.2d 222, 225 (Del. 1991).
[6] *K-Mart, Inc. v. Bowles*, 1995 WL 269872, at *2 (Del. Super. Ct. Jan. 26, 1995).
[7] *Funk v. UIAB*, 591 A.2d 222, 225 (Del. 1991).

there was no abuse of discretion. Ocean Limo believes that it would be improper to allow a person to recover unemployment benefits under "dubious circumstances."[8]

### A. Did the UIAB Abuse its Discretion in Failing to Stipulate a Remand?

An employee may not recover unemployment benefits if he or she was discharged for cause.[9] The employer has the burden of meeting the just cause standard to show that the employee is not entitled to the receipt of unemployment benefits.[10] 19 *Del. C.* § 3315(2) defines just cause as "a willful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employer's expected standard of conduct."[11] This Court has previously held that "a drug free workplace policy represents a standard of expected conduct, and failure to abstain from drug use may provide just cause for termination."[12] However, the Court also noted that the burden rested on the employer to show that the employee had indeed used drugs in violation of the policy.[13] Therein lies the rub. Ocean Limo was not able to present adequate proof that Grant violated the drug use policy. Despite being instructed by the UIAB to do so,[14] Ocean Limo did not present the necessary sample testing procedure and chain of custody evidence. Only the drug screening report was provided to the Board;[15] no person was available to testify as to the validity of the testing process and lay the foundation necessary to admit the results into evidence.[16]

---

[8] Appellant's Opening Br. at 5.
[9] *Murray v. Fibre*, 2016 WL 4542739, at *2 (Del. Super. Ct. Aug. 30, 2016).
[10] *Id.*
[11] 19 *Del. C.* § 3315(2).
[12] *Eastern Shore Poultry, Inc. v. Lewis*, 2000 WL 703808, at *2 (Del. Super. Ct. May 4, 2000).
[13] *Id.*
[14] R. at 66.
[15] R. at 48.
[16] R. at 66.

4

As a result, all of the evidence relating to Grant's supposed drug use was hearsay evidence.[17] Thus, the only evidence on which the Board could base its decision was hearsay evidence. While the UIAB may follow relaxed rules of evidence, a ruling may not rest on hearsay evidence alone.[18] Therefore, Ocean Limo was found to have terminated Grant without cause, allowing her continued receipt of benefits. Now, Ocean Limo attempts to argue that, since it is now represented by counsel, it understands the need to present foundational evidence and should have the opportunity to revisit this issue. In short, Ocean Limo would like to present evidence from the processing lab to establish that the necessary procedures were followed.

The first argument is merely Ocean Limo's attempt to get a second bite at the proverbial apple. This is not permissible. This Court has previously upheld decisions of the Board where the employer was not allowed to rely on evidence of a positive drug screening because there was not adequate evidence as to the sample taking procedures and chain of custody.[19] This Court must follow established precedent and allow the decision of the UIAB to stand. The Board did not abuse its discretion by propounding an error of law or inconsistency or by demonstrating capricious disregard for competent evidence, so there is no reason for the decision to be overturned or remanded. To hold otherwise would allow Ocean Limo to have another opportunity to present evidence when no error has been made, which goes against the foundation of this adjudicatory system.

Additionally, Ocean Limo cites *Majed Subh v. UIAB* as support for its belief that it should now be able to present chain of custody evidence. In *Subh*, the decision of the UIAB was remanded because the *pro se* Appellant was found to have untimely appealed an overpayment

---

[17] D.R.E 801; *Brooks Armored Car Service, Inc. v. Stollings*, 1994 WL 233901, at *1 (Del. Super. Ct. Apr. 28, 1994).
[18] *Eastern Shore Poultry, Inc. v. Lewis*, 2000 WL 703808, at *2 (Del. Super. Ct. May 4, 2000
[19] *Nissan v. Unemployment Ins. Appeal Bd.*, 2011 WL 3248746, at *2 (Del. Super. Ct. July 27, 2011); *Eastern Shore Poultry, Inc. v. Lewis*, 2000 WL 703808, at *2 (Del. Super. Ct. May 4, 2000); *Brooks Armored Car Service, Inc. v. Stollings*, 1994 WL 233901, at *1 (Del. Super. Ct. Apr. 28, 1994).

determination when there was contradictory evidence on the record showing that the untimeliness of the appeal may have been caused by an error of the Department of Labor.[20] *Subh* is not analogous to the case at bar. Here, there is no allegation that there has been an error on the part of the Department of Labor that could have contributed to the failure of Ocean Limo's appeal. Ocean Limo lost because it failed to present necessary evidence. There is no room for remand in this situation.

### B. Should Remand be Granted in the Interest of Justice?

In its second argument Ocean Limo advances the idea that, since there is a significant possibility that Grant was driving Medicaid clients to and from appointments while marijuana and cocaine were in her system, she should not be able to recover unemployment benefits. According to Ocean Limo, it would be improper for Grant to benefit from such "dubious circumstances."[21] Furthermore, Ocean Limo fears that if Grant is allowed to benefit from her wrongdoing other employees will be emboldened to violate the law or company policies under the false belief that he or she will still be able to rely on unemployment benefits even if terminated for his or her wrongful behavior. These arguments are not persuasive and do not convince the Court to reconsider its decision to affirm the decision of the UIAB.

## V. CONCLUSION

Considering the foregoing, the Board's decision is **AFFIRMED**. Ocean Limo should have called witnesses to establish the sample testing procedures and chain of custody evidence for the drug screening. It declined to do so, risked disappointment, and should not be heard to complain about the consequence.

**IT IS SO ORDERED**.

---

[20] Appellant's Letter Reply Br., Ex. A at 15.
[21] Appellant's Opening Br. at 5.